COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





TEXAS CUSTOM POOLS, INC., F/K/A
RIVERBEND POOLS, INC.,

                            Appellant,

v.


ALLAN CLAYTON and MIRIAM
CLAYTON,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-07-00197-CV

Appeal from the

393rd Judicial District Court

of Denton County, Texas 

(TC# 2000-60215-393) 






MEMORANDUM OPINION

            Pending before the Court is a joint motion to dismiss this appeal in accordance with
Tex.R.App.P. 42.1(a). The parties represent that they have reached an agreement to settle and
compromise all claims and causes of action in the underlying case, and request that this Court
vacate the trial court’s judgment and dismiss the appeal.
            An intermediate court of appeals is authorized to vacate a trial court’s judgment and
dismiss the underlying case. See Tex.R.App.P. 43.2(e). Further, Texas Rule of Appellate
Procedure 42.1 permits an appellate court to dispose of an appeal pursuant to a settlement
agreement. Tex.R.App.P. 42.1(a)(2). We may render judgment effectuating the parties’
settlement agreement, set aside the trial court’s judgment, and remand the case to the trial court
for rendition of judgment in accordance with the agreement, or abate the appeal and permit the
trial court to conduct proceedings to effectuate the agreement. Tex.R.App.P. 42.1(a)(2). While
we are authorized to vacate the trial court’s judgment and dismiss the underlying case, we are not
authorized to both vacate the judgment and dismiss the appeal.
            Therefore, having considered the motion and the action requested by the parties, we will
GRANT the motion in part and vacate the trial court’s judgment dated March 19, 2007, without
consideration of the merits and remand the case to the trial court for further proceedings in
accordance with the settlement agreement. With regard to the parties’ request that we dismiss
the appeal, the motion is denied. Pursuant to the settlement agreement, costs will be taxed
against the party incurring the same. See Tex.R.App.P. 42.1(d). We direct the Clerk of the Court
to issue the mandate of the Court immediately.



August 31, 2010
DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Rivera, JJ.